## Abatement of Tax Penalties

MARGIOTTI, Attorney General, October 29, 1936. — We have your inquiry of July 8, 1936, requesting an interpretation of the Act of June 4, 1936, P. L. 10 (Special Session of 1936), which authorizes the abatement of certain tax penalties and interest on delinquent county, city (except city of the first class), borough, town, township, school district (except school district of the first class), and poor district taxes, prohibits the sale of real property for the nonpayment of any such taxes for a certain period, preserves certain tax liens and provides for the extension thereof.

You submit the following questions:

1. Must the delinquent taxpayer qualify for abatement by the payment of 1936 current taxes?

2. Can instalment benefits be secured without the payment of 1936 current taxes? Must 1935 taxes have been paid or be paid, with penalties and interest if any has accrued, to qualify for payment of back taxes at face for 1934 and prior years to secure benefits of the act?

3. Is it correct that under section 2 the entire amount of delinquent taxes for 1934 and previous years may be paid at face, in a lump sum, whether or not 1935 or 1936 taxes have been, or are, paid?

That part of Act No. 3 which is pertinent to your inquiry reads as follows:

"Section 1. Be it enacted, &c., That all penalties and interest imposed on delinquent county, city (except city of the first class), borough, town, township, school district (except school district of the first class), and poor district

taxes, for the tax year one thousand nine hundred and thirty-four and all previous years, assessed and levied against any parcel or parcels of real estate, are hereby abated, without the necessity of further action by the authority levying the tax, if said delinquent taxes are paid as hereinafter provided.

"In order to receive the benefits of this act, the taxes for the year one thousand nine hundred and thirty-five and all penalties and accrued interest, and twenty per centum of the delinquent taxes due for the tax year one thousand nine hundred and thirty-four and for all previous years shall be paid on, or before, the first day of November one thousand nine hundred and thirty-six; twenty per centum on, or before, the first day of November one thousand nine hundred and thirty-seven; twenty per centum on, or before, the first day of November one thousand nine hundred and thirty-eight; twenty per centum on, or before, the first day of November one thousand nine hundred and thirty-nine; and the final twenty per centum on, or before, the first day of November one thousand nine hundred and forty: And provided, That the respective current taxes on such parcel or parcels of real estate for the years subsequent to the year one thousand nine hundred and thirty-six during such instalment periods, assessed and levied by such taxing authority, shall be paid before they become delinquent during the then current year. If and whenever any of the said current taxes, or any of the said installments, are not paid when due and payable as herein provided, then, and in that event, there shall become due and payable for such year a sum equal to one-fifth of the total amount of the abated penalties and interest in addition to the other payments required to be paid under this act during that year, which said additional sum shall be payable and must be paid at the time the next succeeding installment payment becomes due under this act. If such additional sum is not so paid, then the total amount of the abated penalties and interest, less the aggregate of any such additional sums

theretofore paid, shall be revived and added to the unpaid taxes with the same force and effect as if such abated penalties and interest, or portion thereof, had never been abated, and the taxpayer shall not thereafter be entitled to any further benefits or privileges under this act.

"Section 2. Any taxpayer may anticipate the payment of such delinquent taxes for the tax year one thousand nine hundred and thirty-four and previous years at any time on, or before, November first, one thousand nine hundred and thirty-six by paying the entire amount of such delinquent taxes and receive the benefit of this act, and in such cases, payment of the taxes, assessed and levied for the year one thousand nine hundred and thirty-six, shall not be required at the time of such payment.

"Section 3. This act shall be construed to apply to all such taxes whether or not liens for such taxes have been returned for non-payment, or have been filed in the office of the prothonotary of the county, or proceedings for the collection of such taxes have been instituted in any court in said county, or where real property has been sold to a county, city, borough, town, township, school district or poor district at a tax sale or on a tax lien, and the period of redemption has not expired; but this act shall not be construed to apply to cases where real property has been sold other than to a county, city, borough, town, township, school district or poor district at a tax sale or on a tax lien, and where the period of redemption has not expired, and the taxpayer shall be liable for the payment of all costs incurred in such proceedings, except the solicitor's fees."

Careful consideration has been given by this department to the meaning and proper interpretation of the statute in question. We have come to the definite conclusion that the general intent of the statute, and the meaning that should be given it, is that its purpose is to bring delinquent taxes into the treasury of the several taxing authorities to which it applies and to relieve taxpayers of the burden of penalties and interest thereon. These

intentions are attained by relieving the taxpayer of certain penalties and interest exactions, all upon the condition that he make the payments called for by the statute strictly at and before the date or dates mentioned in the statute. To this end, we believe that the statute should be liberally construed in favor of the taxpayer.

The act provides two plans under which the taxpayer can receive the benefits of the abatements of penalties and interest upon taxes, said plans being as follows:

Plan no. 1: The taxpayer under plan no. 1, which is contained in section 2 of the act above referred to, may pay all of the delinquent taxes for the tax year 1934 and all previous years in full, without paying the penalties or interest, provided the payment of said taxes is made on or before November 1, 1936.

Plan no. 2: The taxpayer under plan no. 2, which is contained in section 1 of the act above referred to, may pay the delinquent taxes for 1935 in full with accrued interest and penalties, plus 20 percent of all taxes delinquent for the year 1934 and previous years. If the taxpayer elects to pursue plan no. 2 he pays the remaining 80 percent of the delinquent taxes for the year 1934 and preceding years without penalties and interest, in four instalments, 1937, 1938, 1939 and 1940. Under this plan, the current taxes for each of the four years above designated must be paid in full, in addition to the 20 percent of the delinquent taxes, before the current taxes for the year in which said payment is made become delinquent.

If, subsequent to the present year, the taxpayer, under plan no. 2, fails to pay the current taxes and 20 percent of the delinquent taxes on or before November 1, 1937, or subsequent thereto, then, and in such event, in order to obtain the benefits of this act, the taxable, in addition to the payment of the current taxes, together with accrued interest and penalties, shall pay one fifth of the total amount of the abated penalties and interest at the time the next scheduled instalment payment becomes due, which, in effect, means that the delinquent taxes must be

paid on or before November 1st and current taxes before same become delinquent.

In order to receive the full benefits of the act the taxpayer need not pay on or before November 1, 1936, taxes assessed and levied for the year 1936.

The act applies to all taxes, whether or not liens for the same have been returned or filed in the office of the prothonotary of the county, or proceedings for the collection of such tax have been instituted in any court in said county, or real property has been sold to a county, city, borough, town, township, school district, or poor district, at a tax sale, or on a tax lien, and the period of redemption has not expired. The act, by its terms, does not apply to any property that has been sold to other than a county, city, borough, town, township, school district or poor district at a tax sale or on a tax lien where the period of redemption has not expired, and the taxpayer shall be liable for the payment of all costs incurred in such proceedings, except the solicitor's fees.

The benefit of the act extends to any successful bidder or purchaser at a sheriff's or other judicial sale, and to any grantee, transferee, mortgagee or other party in interest in the parcel or parcels of real estate against which the above-mentioned taxes have been assessed and levied.

The taxpayer has the right to pay the delinquent taxes assessed and levied against any parcel or parcels of real estate without being required to pay the delinquent taxes assessed and levied against any other real estate.

A statement of delinquent taxes shall be furnished upon written application to the owner by the person in whose custody the records are kept. Said statement shall show the statement of the taxes, the face amount of the penalty, the interest, the cost and other charges, in detail.

The act provides that no real estate shall be sold for nonpayment of taxes before November 1, 1936, and that any tax sale shall be adjourned as often as may be necessary for this purpose, without the necessity for readvertisement.

Where a taxpayer avails himself of the privileges or benefits of the act, the period during which payment of said delinquent taxes are postponed or continued, under the act, shall not be included in computing and determining whether or not any right of the tax-assessing and levying authorities has been barred or lost by reason of the provisions of any statute now existing or hereafter enacted limiting the right of the said tax-levying and assessing authorities to file, preserve or maintain the lien of the said taxes.

In our opinion the act is constitutional. Penalties, fines and interest in the nature of penalties are proper subjects for abatement, especially during times of general depression and economic disturbances.

The legislature has the power to enact laws for levying taxes and prescribing penalties and interest to be paid for delinquency, and such legislative and taxing authority has the power to abate such penalty or interest.

The Act of May 1, 1935, P. L. 129, as amended by the Act of June 22, 1935, P. L. 444, continues in full force and effect as to any and all taxpayers who have taken advantage of and are not in default under the provisions thereof.

It is our opinion, and you are therefore advised on the questions which you submitted, as follows:

1. Must the delinquent taxpayer qualify for abatement by the payment of 1936 current taxes? The current taxes for the year 1936 need not be paid previous to November 1, 1936, to secure the benefits of this act.

2. Can instalment benefits be secured without the payment of 1936 current taxes? Must 1935 taxes have been paid or be paid, with penalties and interest if any has accrued, to qualify for payment of back taxes at face for 1934 and prior years to secure benefits of the act? The first part of this question has been answered in question no. 1. 1935 taxes must be paid with penalties and interest in order to secure the benefits of this act.

3. Is it correct that under section 2 the entire amount of delinquent taxes for 1934 and previous years may be paid at face, in a lump sum, whether or not 1935 or 1936 taxes have been, or are, paid? In order to secure the benefits of this act it is necessary that taxes for the year 1935, plus penalties and interest, be paid.

From Frederic Ray, Harrisburg.